**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PRENTICE COX,

                            Plaintiff,

        -against-

ANJIN LLC,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: AUG 2 5 2020

MEMORANDUM DECISION
AND ORDER

19 Civ. 4315 (GBD) (SLC)

GEORGE B. DANIELS, United States District Judge:

Plaintiff Prentice Cox brings this action against Defendant seeking damages for alleged violations of the Americans with Disabilities Act of 1990 ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. pt. 36 ("ADAAG"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL"). (Compl., ECF No. 1.) Plaintiff depends on a wheelchair for mobility and alleges that Hirohisa, a restaurant operated by Defendant, is not readily accessible and useable by individuals with disabilities. (Compl. ¶ 3.) Plaintiff describes a number of alleged violations, including, *inter alia*, improper floor levels, lack of accessible entrances, improper locking mechanisms for the doors in the restrooms, and inadequate signage regarding accessible entrances and restrooms. (*See* Compl. ¶ 21.)

Defendant has failed to answer, appear, or otherwise respond to the instant action. Accordingly, Plaintiff moved for default judgment against Defendant on January 8, 2020. (Notice of Mot., ECF No. 17.) This Court referred Plaintiff's motion to Magistrate Judge Sarah L. Cave. (Order of Reference, ECF No. 23.) Before this Court is Magistrate Judge Cave's July 24, 2020, Report and Recommendation (the "Report"), recommending that this Court grant Plaintiff's motion and award Plaintiff: (1) injunctive relief, (2) $500 in compensatory damages (3) $3,720.50 in

attorneys' fees, (4) $455 in costs, and (5) post-judgment interest. (Report, ECF No. 27, at 2.) Magistrate Judge Cave advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 23.) No objections were filed. Having reviewed Magistrate Judge Cave's Report for clear error, this Court ADOPTS the Report in full.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Judge Cave correctly found that Plaintiff's motion for default judgment should be granted given that Plaintiff's allegations are prima facie sufficient to demonstrate liability for each of the claims asserted under the ADA, NYSHRL, and NYCHRL. (Report at 5–13.) Magistrate Judge Cave also conducted a comprehensive and careful inquest on damages, attorneys' fees, and costs, and appropriately determined that Plaintiff is entitled to post-judgment interest. (*Id.* at 15–21.) Finally, Magistrate Judge Cave found that Plaintiff should be granted injunctive relief, because the ADA provides individuals subject to discrimination on the basis of disability with a right to injunctive relief directing Defendant to remedy any ADA violations. (*Id.* at 13–15.) This Court finds no error, clear or otherwise in the Report's analysis. Accordingly, this Court directs the entry of default judgment in favor of Plaintiff and against Defendant, and adopts Magistrate Judge Cave's recommended judgment regarding injunctive relief, damages, attorneys' fees, and costs for the reasons stated in the Report.

2

## I.    CONCLUSION

Magistrate Judge Cave's Report is ADOPTED in its entirety.  Final judgment shall be entered ordering Defendant to take the necessary steps to remedy existing ADA violations at Hirohisa and pay Plaintiff $500 in compensatory damages, $3,720.50 in attorneys' fees, $455 in costs, and post-judgment interest pursuant to 28 U.S.C. § 1961(a).  It is further ordered that (1) Defendant shall submit to Plaintiff's counsel a report detailing architectural plans to cure the ADAAG violations detailed in the complaint within 60 days, (2) Plaintiff shall have 30 days from receipt of such report to consent or seek further relief from this Court, and (3) Defendant shall make the designated modifications within 60 days of Plaintiff's consent or a ruling by this Court on any request for further relief.

The Clerk of Court is respectfully directed to mail a copy of this Memorandum Decision and Order to Defendant at the following address:

Anjin LLC
320 East 42nd Street, #1108
New York, NY 10017


Dated: New York, New York
       August 25, 2020

SO ORDERED.

GEORGE B. DANIELS
United States District Judge